IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CHARLES EDWARD WALLS # 71011**  **PLAINTIFF**

**VERSUS**  **CIVIL ACTION NO. 3:12cv730-RHW**

**OFFICER ERIC WHITE**  **DEFENDANT**

**MEMORANDUM OPINION**

This case is before the Court on [32] Defendant Eric White's motion for summary judgment filed January 24, 2014. Plaintiff Charles Edward Walls has filed no response to the motion and the time for doing so has expired, so the matter is ripe for ruling. At the omnibus/*Spears* hearing on September 11, 2013, all parties consented to the exercise of jurisdiction by the United States Magistrate pursuant to 28 U.S.C. § 636(c) and FED.R.CIV.P. 73, and the case has been reassigned to the undersigned for all further proceedings. [25] For the reasons which follow, the Court finds the motion for summary judgment well-taken.

**Facts and Procedural History**

Charles Edward Walls, inmate # 141813, is presently serving an eleven-year sentence for a conviction of manslaughter out of Hinds County, Mississippi. His tentative release date is August 29, 2021. [32-2, pp. 5-8] Walls signed the complaint to commence this action on October 20, 2012, and the complaint was filed by the clerk on October 25, 2012. [1]

Walls alleges Corrections Officer Eric White violated his constitutional rights by failing to protect him from assault by another inmate in an incident which occurred October 20, 2012 at the Hinds County Detention Center in Raymond, Mississippi. Walls claims that on that date, as Officer White was locking the bottom level down in the unit where Walls was housed in

protective custody on the upper level, inmate Robert Walker told Officer White to open the door to Walls' cell, indicating to Officer White that it was his (Walker's) cell. Walls testified he was housed in a two-man cell, but had no cell mate at that time. Officer White opened the cell door and Walker and Walls got into a fight, which Walls claims resulted in aggravating the condition of his knee, on which he had undergone surgery to have a bullet removed on September 13, 2012. [32-3] Walls claims his knee is now more painful and he has developed a "serious sense of being scared" because he does not feel protected because of Officer White's actions. At the omnibus/*Spears* hearing on September 11, 2013, Walls testified he had never had a problem with Walker before this occurrence; he does not know why Walker attacked him; and he has no evidence that Officer White knew an altercation was going to occur.

Officer White urges the case must be dismissed because Walls failed to exhaust available administrative remedies prior to filing suit; that he is entitled to qualified immunity on Walls' failure to protect claim; and that Walls is entitled to no injunctive relief.[1] In support of his motion, White submitted Plaintiff's inmate and medical records and the grievance procedure for the Hinds County Detention Center in Raymond. As previously stated, Walls has filed no response to Defendant's motion.

## Summary Judgment Standard

Under Rule 56, FED.R.CIV.P., a motion for summary judgment shall be granted "if the movant shows there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." A material fact is one that might affect the outcome of the suit under the governing law; a genuine dispute exists when the evidence is such that a reasonable

---

[1] Walls included in the relief requested in his complaint that he be removed from the facility where White was employed, but Walls is no longer at the facility.

jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  On a motion for summary judgment, the Court views the evidence and draws reasonable inferences most favorable to the non-moving party.  *Abarca v. Metropolitan Transit Authority*, 404 F.3d 938, 940 (5th Cir. 2005).

The party who bears the burden of proof at trial also bears the burden of proof at the summary judgment stage.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  One seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, and any affidavits, which he believes demonstrate the absence of a genuine issue of material fact.  *Id.*, at 325.  If the movant fails to show the absence of a genuine issue concerning any material fact, summary judgment must be denied, even if the non-movant has not responded to the motion.  *John v. State of Louisiana*, 757 F.2d 698, 708 (5th Cir. 1985).  If the movant carries his burden, the burden shifts to the non-movant to show that summary judgment should not be granted.  *Celotex*, 477 U.S. at 324-325.  The non-movant may not rest upon mere allegations or denials, but must set forth specific facts showing there is a genuine issue for trial.

## Law and Analysis

Exhaustion of administrative remedies through the prison grievance system is a jurisdictional prerequisite for lawsuits filed pursuant to 42 U.S.C. § 1983.  *Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001).

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  The Fifth Circuit takes "a strict approach" to the exhaustion requirement.  *See Johnson v. Ford*, 261 Fed.Appx. 752, 755  (5th Cir. 2008).  Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes,

and whether they allege excessive force or some other wrong." *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 630 (5th Cir. 2003)(quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). Dismissal is appropriate where an inmate has failed to properly exhaust the administrative grievance procedure before filing his complaint. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Merely initiating the grievance process or putting prison officials on notice of a complaint is insufficient to meet the exhaustion requirement – the grievance process must be carried through to its conclusion before suit can be filed under the Prison Litigation Reform Act. *Wright*, 260 F.3d at 358.

Walls alleges he exhausted the administrative or grievance procedure at the detention facility by "written request, verbal request" presented on October 22, 2012. [1, p. 3] The grievance procedure at the facility provides for a decision by the jail commander. Then, if the prisoner is dissatisfied with the commander's decision, he may appeal to the Sheriff or his designee, who has ten days after receipt to render a decision on the appeal. [32-4] Walls is not allowed to rest on his allegation that he exhausted this procedure and he has presented nothing to support the allegation. His own pleadings show the complaint was signed the same day the incident of which he complains occurred, and was actually received and filed by the clerk just five days after the incident occurred, which strongly suggests Walls did not exhaust his administrative remedies. Even if Walls had exhausted his administrative remedies, the Court would grant Defendant's motion for summary judgment because Walls has failed to show the existence of a genuine issue of material fact as to the essential elements of a constitutional claim for failure to protect.

A pretrial detainee is protected by the Due Process Clause from deliberate exposure to violence and injury at the hands of other inmates. *Bell v. Wolfish*, 441 U.S. 520, 536 n.16, 99

S.Ct. 1861, 1872 n.16, 60 L.Ed.2d 447 (1979).  To prevail on a claim for failure to protect under 42 U.S.C. § 1983, Walls had to present facts showing he was "incarcerated under conditions posing substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Newton v. Black*, 133 F.3d 301, 308 (5th Cir. 1998).

> In order to act with deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that substantial risk of serious harm exists, and he must also draw the inference."

*Neals v. Norwood*, 59 F.3d 530 (5th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979 (1994)).

By his own testimony, Walls establishes that he had no reason to believe he was in any danger from Walker prior to this incident, and that he (Walls) has no evidence that Officer White had any such knowledge.  At best, Walls has shown that White mistakenly opened the cell door after Walker stated it was his cell.  While such facts might suffice to show negligence on White's part, they are insufficient to establish the requisite deliberate indifference for a constitutional claim for failure to protect.  Mere negligent failure to protect a pretrial detainee from attack does not justify liability under section 1983.  *Davidson v. Cannon*, 474 U.S. 344, 347-48, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986).  Walls' failure of proof of deliberate indifference on Officer White's part warrants entry of summary judgment in this case.  It is therefore,

**ORDERED AND ADJUDGED**, that Plaintiff's claim for failure to protect is dismissed, and a judgment dismissing the case will be entered accordingly.

SO ORDERED, this the 25th day of March, 2014.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE